In the District Court of the United States
For the District of South Carolina
BEAUFORT DIVISION

| | |
|---|---|
| **Shannon Sabb, #294575,** ) | |
| ) | Civil Action No.  9:06-1943-RBH-GCK |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| **State of South Carolina; Stann Burtt,** ) | **OF THE MAGISTRATE JUDGE** |
| **Warden of Lieber Correctional Institution;** ) | |
| **and Attorney General for the State** ) | |
| **of South Carolina,** ) | |
| ) | |
| Respondents. ) | |
| ) | |

## I.   INTRODUCTION

The Petitioner, Shannon Sabb ("Petitioner" or "Sabb"), a state prisoner proceeding without the assistance of counsel, seeks *habeas corpus* relief under Title 28, United States Code, Section 2254.  By definition, the relief which he seeks must be based upon a finding that he is being illegally detained in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3).  This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of Title 28, United States Code, Sections 636(b)(1)(A) and (B), and Local Civil Rules 73.02(B)(2)(c) and (e), D.S.C.  The above-captioned Respondents have filed a motion for summary judgment.  As this is a dispositive motion, this Report and Recommendation is entered for review by the District Court.

## II.   *PRO SE* PETITION

Sabb is presently incarcerated in the Lieber Correctional Institution of the South Carolina Department of Corrections ("SCDC").  Sabb filed this Petition for a writ of habeas corpus (the "Petition") on June 29, 2006, against the above-captioned Respondents, State of South Carolina, Stan Burtt, Warden of Lieber Correctional and the Attorney General of the State of South

Carolina (collectively, the "Respondents").[1] [1-1]. Sabb is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (*per curiam*); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied, Leeke v. Gordon*, 439 U.S. 970 (1978). Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition herein pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, Title I, § 104, 110 Stat. 1214. This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

     *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a complaint or petition filed by a pro se litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *and Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir.1975). Even under this less stringent standard, however, the *pro se* complaint nonetheless may be subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). Likewise, a court may not construct the plaintiff's legal

---

[1] In *habeas corpus* cases, the Petitioner has the benefit of the holding in *Houston v. Lack*, 487 U.S. 266 (1988) with respect to the "delivery" date of his Petition.

arguments for him (*Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993)) or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### III.    PROCEDURAL HISTORY IN STATE COURT

#### A.  Proceedings in the Court of General Sessions

Sabb was indicted at the June 2003 term of the Charleston County Grand Jury for criminal sexual conduct with a minor, second degree (03-GS-10-3657). *See* Respondents' Attachment #2.

Sabb was represented by Doug Swift, Esquire. On July 7, 2003, Sabb pled guilty before the Honorable Deadra L. Jefferson. Judge Jefferson sentenced Sabb to twenty (20) years imprisonment. *See* Respondents' Attachment #3, Page 49. Sabb did not appeal his plea or sentence.

#### B.  Sabb's Application for Post-Conviction Relief

On January 28, 2004, Sabb filed a *pro se* application for post-conviction relief ("PCR") in which he raised the following claims:

1. Ineffective assistance of trial counsel--failure to investigate;

2. Failure to Suppress Evidence--faulty indictment;

3. Subject matter jurisdiction–bad advice. (*See* Respondents' Attachments  #4, #5, and #6)

The State filed its Return and Motion to Dismiss on May 3, 2004, and made an amended return on May 5, 2004, after the transcript of the guilty plea was received. *See* Respondents' Attachments #5 and #6. Stanley Feldman, Esquire, represented Sabb in his PCR action. At the hearing on June 1, 2005, Sabb requested his application be withdrawn. The Honorable R.

Markley Dennis, Jr., heard and accepted the request and advised Sabb that the PCR action would be withdrawn with prejudice. *See* Respondents' Attachment #7 at pages 9-11. Judge Dennis issued an order dismissing the action on June 1, 2005. *See* Respondents' Attachment #8.

On July 25, 2005, Saab served a *pro se* notice of intent to appeal Judge Dennis's Order. *See* Respondents' Attachment #9. He subsequently filed the notice with the Supreme Court of South Carolina. The Supreme Court of South Carolina issued an order on August 29, 2005 dismissing the appeal for failure to timely serve and file the notice, and issued the remittitur on September 15, 2005. *See* Respondents' Attachments #10 and #11.

## IV. FEDERAL COURT HISTORY

In his *pro se* Petition, Saab raised the following grounds for relief:

One :   Was the petitioner's 5th, 6th, and 14th Amendment Rights of the U.S. Constitution or his Rights of Due Process violated by the indictment(s) error and or defect in that it fails to allege the "state" where the offense took place in the body of the charging instrument?

Two:    Was the petitioner's 5th, 6th, 14th Amendment Rights and or Due Process Rights violated, as well as Rules of Court and or Rules of Criminal Procedure, by the "procedural defect" of the prosecution agents acting as sole witness(es) on the warrant(s) and indictment(s)?

Three:  Was the petitioner's 5th, 6th, 14th Amendment Rights of the U.S. Constitution and his Rights of Due Process violated because there was a "procedural defect" in that the prosecution went beyond the time frame allowed by Rules of Criminal Procedure to take action on the warrant?

Four:   Did the trial court lack subject matter jurisdiction and or was deprived of the power and or ability to enact its subject matter jurisdictionary [sic] powers, and or was the petitioner's Due Process Rights violated by the "procedural defect" in that there was no order of continuance issued to continue the cause before the court?

Five:   Was the petitioner's 5th, 6th, 14th Amendment Rights of the U.S. Constitution and his Rights of Due Process violated by the defect in the indictment failure to list the section code or sub-section of the offense the petitioner is alleged to have violated in the body of the charging instrument?

Six:    Was the petitioner's 5th, 6th, 14th Amendment Rights of the U.S. Constitution and his Rights of Due Process violated by allowing constructive amendment of the indictment;

Seven:  Did the trial court lack subject matter jurisdiction due to the indictments embodied in the Applicant's petition for review?

Eight:  Did the indictments of South Carolina as constructed possess a structural constitutional error and or defect, which by their language and or charge contained therein, create and or form conclusive presumption(s) that took away the petitioner's presumption of innocence and automatically shift the burden of persuasion to the defendant in regard to

>the crucial elements of dispute in violation of the petitioner's 5th, 6th, 14th Amendment Rights of the U.S. Constitution, Also Article IV § 2 and the laws of Due Process?

Nine:   Was appointed [plea] counsel inept and constitutionally ineffective?

Ten:    Did the Gentry Court abuse their discretionary powers **** by their language and or charge shift the burden of persuasion?

On July 7, 2006, the undersigned issued an Order which authorized service upon the Respondents and notified Saab of the change of address rule. [4-1] Thereafter, on September 22, 2006, Respondents filed a Motion for Summary Judgment, a Return and Memorandum of Law in Support of Motion for Summary Judgment (collectively, the "Motion for Summary Judgment") and supporting exhibits. [10-1--10-9]

The undersigned issued an Order filed on September 25, 2006, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), notifying Saab of the summary judgment dismissal procedure and the possible consequences if he failed to respond adequately to the Respondents' Return.[2] [13-1] Saab filed his Return to Respondents' Motion for Summary Judgment on October 30, 2006. [14-1]

## V.    SUMMARY JUDGMENT STANDARD

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; *see* Habeas Corpus Rules 5-7.

---

[2]   The explanation to the *pro se* litigant is required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), which was a civil rights case. The same procedure has been held to apply in federal habeas corpus cases under Webb v. Garrison, No. 77-1855 (4th Cir., decided July 6, 1977).

## VI.    HABEAS CORPUS REVIEW

### A.  The Antiterrorism and Effective Death Penalty Act

### 1.  The Statute of Limitations

The present habeas corpus petition was filed on June 29, 2006.  Accordingly, the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") apply to this case. *See Lindh v. Murphy*, 521 U.S. 320, 327 (1997).  The AEDPA provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).  The one year period begins to run at the "conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  A "properly filed application for State post-conviction relief" tolls the time for filing.  28 U.S.C. § 2244(d)(2).  In addition, state collateral review tolls the one-year statute of limitations under Section 2244(d)(1)(A), but it does not establish a right to file within one year after completion of collateral review.  *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000) (one year period for filing habeas petition commences upon conclusion of direct review of conviction but is suspended while state PCR proceedings are pending in any state court).

While state collateral review tolls the one-year statute of limitations under Section 2244(d)(1)(A) for properly filed pleadings, *Artuz v. Bennett*, 531 U.S. 4 (2000); it does not establish a right to file within one year after completion of collateral review.  *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000) (an inmate does not have one year from the conclusion of state court collateral review; rather, one year period for filing habeas petition commences upon conclusion of direct review of conviction but is suspended while state PCR proceedings are pending in any state court).  Nor does the tolling period for state collateral review include the time for filing a petition for certiorari in the United States Supreme Court.  *Crawley v. Catoe*, 257 F.3d 395, 298-99 (4th Cir. 2001) (the tolling of habeas limitations period ended on date the state supreme court denied petitioner's request for rehearing of reversal of grant of state habeas petition; the one-year limitations period was not tolled during the period that a petition for writ

of certiorari to review the denial of state habeas corpus relief was pending before the United States Supreme Court).  In this case, Petitioner is well past the one-year period and there is no applicable tolling to render the filing timely.

Petitioner did not seek direct appeal review of his July 7, 2003 guilty plea; therefore, his conviction became final at the end of the ten (10) day period in which he could have timely filed for direct appeal review, on July 17, 2003.  *See* Rule 203(b)(2), South Carolina Appellate Court Rules("After a plea or trial resulting in conviction . . ., a notice of appeal shall be served on all respondents within ten (10) days after the sentence is imposed").  His time period for filing a federal habeas petition began to run thereafter.  Petitioner did not file his PCR action until January 28, 2004.  *See* Section 17-27-45(A);[3] *Gary v. State*, 347 S.C. 627, 557 S.E.2d 662 (2001) (The mailing of a petition for post-conviction relief does not constitute filing, for statute of limitations purposes.  Filing occurs when application is delivered to and received by the Clerk of Court).  As of January 28, 2004, one hundred and ninety-five (195) days of time not tolled by the statute had lapsed.  Petitioner's PCR action ended on June 1, 2005, when the PCR judge dismissed the application upon Petitioner's voluntary withdrawal.  With only one hundred and seventy (170) days left in which to file (365 days minus the previously calculated 195 days), Petitioner's time for filing his habeas petition ended on November 18, 2005.  *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000) ("the AEDPA provides that upon conclusion of direct review of a judgment of conviction, the one-year period within which to file a federal habeas petition commences, but the running of the period is *suspended* for the period when state post-conviction proceedings are pending in any state court.") (Emphasis added).  *See also Smith v. McGinnis*, 208 F.3d 13, 17 (2nd Cir. 2000) (the AEDPA time period does not re-start at

---

[3] "An application for relief filed pursuant to this chapter must be filed within one year after the entry of a judgment of conviction or within one year after the sending of the remittitur to the lower court from an appeal or the filing of the final decision upon an appeal, whichever is later."

conclusion of collateral litigation); *Haney v. Addison*, 175 F.3d 1217, 1220-21 (10th Cir. 1999) (same).

In the present case, Petitioner did not file his Petition until June 29, 2006, the date he presented his Petition to the mailroom at Lieber Correctional Institution.  *See* Envelope attached to [1-1]; *see also Houston v. Lack*, 487 U.S. 266 (1988)(pleading may be considered filed upon delivery to prison officials); *and* Order [4-1] (advising that Petitioner shall be given benefit of *Houston v. Lack* in a limitations calculation).  Petitioner's Petition was filed over seven (7) months late, and thus is not timely filed.

As Respondents note, Petitioner did attempt to file a notice of appeal after voluntarily withdrawing his PCR application; however, he is not entitled to an appeal from a voluntary dismissal.  *See Rush v. State*, 368 S.C. 144, 145, 628 S.E.2d 42, 42-43 (2006) (holding that there is no appeal from the voluntary withdrawal of a PCR application); *Hooper v. Rockwell*, 334 S.C. 281, 290, 513 S.E.2d 358, 363 (1999) (a party cannot appeal from a consent order).  Even if such an appeal were permitted, it nonetheless remains that it was not timely filed.  Therefore, the action was no longer pending and no longer tolling Petitioner's federal time limit.  *Allen v. Mitchell*, 276 F.3d 183, 185 (4th Cir. 2001) ("We hold that the statute of limitations is not tolled between the expiration of a state appeal deadline and the subsequent filing of an untimely appellate petition.").  Respondents argue, and this court agrees, that this reasoning is consistent with the logic of *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005), wherein the Court held:

> In common understanding, a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more 'properly filed' than a petition filed after a time limit that permits no exception.  The purpose of AEDPA's statute of limitations confirms this commonsense reading.  On petitioner's theory, a state prisoner could toll the statute of limitations at will simply by filing untimely state postconviction petitions.  This would turn § 2244(d)(2) into a *de facto* extension mechanism, quite contrary to the purpose of AEDPA, and open the door to abusive delay.

544 U.S. at 413.

The Court in *Pace* held "that time limits, no matter their form, are 'filing' conditions. Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly

filed,' and he is not entitled to statutory tolling under § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. at 417. The Court then held that Pace was not entitled to equitable tolling for the period of time his untimely PCR application was pending. *Id* at 418. Indeed, it is clear that "[t]ime barred applications for state collateral review are not 'properly filed' applications that trigger statutory tolling." *Parker v. Burtt*, 2006 WL 2569522 at * 3 (D.S.C. September 1, 2006) (J.F. Anderson, Jr., District Judge), *citing Pace v. DiGuglielmo*, 125 S.Ct. 1807, 1814 (2005).

Even if the court were to give Petitioner the benefit of tolling, and the benefit of the failed attempt to appeal his voluntary withdrawal of his PCR action, the record shows the remittitur was issued on September 15, 2005. Adding the remaining one hundred and seventy (170) days left to timely file, Petitioner would have had to have filed his federal action on March 4, 2006. Again, Petitioner did not file this petition until June 29, 2006. The Petition has not been timely filed, and it is recommended that it be dismissed.

## RECOMMENDATION

Based upon the foregoing, it is recommended that Respondents' Motion for Summary Judgment **[11-1] should be granted**.

_____
GEORGE C. KOSKO
UNITED STATES MAGISTRATE JUDGE

November 9, 2006

Charleston, South Carolina

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"& The Serious Consequences of a Failure to Do So**

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its service.  28 U.S.C. § 636 and Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail.  Fed. R. Civ. P. 6.  Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed.  Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992).  A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections.  **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.**  *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995).  Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991).  *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985).  In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused**

> **on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless.  \* \* \*  This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  \* \* \*   We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review.  \* \* \*  A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").

**This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.**  *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**
