UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| SHANNON SABB, | ) | Civil Action No.: 9:06-cv-1943-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| STATE OF SOUTH CAROLINA; | ) | |
| STAN BURTT, Warden of Lieber | ) | |
| Correctional Institution; | ) | |
| ATTORNEY GENERAL OF THE | ) | |
| STATE OF SOUTH CAROLINA; | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

Pending before the court is Defendants' [Docket Entry #11] motion for summary judgment. This motion comes before the court with Report and Recommendations [Docket Entry #15] of Magistrate Judge George C. Kosko filed on November 9, 2006.[1]

Petitioner, proceeding *pro se*, commenced this action under 28 U.S.C. § 2254 alleging ten grounds for relief from his state court conviction. The instant habeas corpus petition was filed on June 29, 2006.

The Magistrate Judge recommended summary judgment be granted to the Defendants because the instant petition was barred by the statute of limitations. 28 U.S.C. § 2244(d). Petitioner timely filed objections to the Magistrate Judge's Report and Recommendations on November 29, 2006.

**Standard of Review**

The Magistrate Judge makes only a recommendation to this court. The recommendation

---

[1] This matter was referred to Magistrate Judge Kosko pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rules 73.02(B)(2)(c) and (e).

has no presumptive weight. The responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982).

## Discussion

The Magistrate Judge set forth in detail the facts relevant to this decision in the Report and Recommendations at pages 3-5 and 6-9. The Magistrate Judge found that the Petitioner's petition was barred by the statute of limitations found in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). 28 U.S.C. § 2244(d). The Magistrate Judge calculated that Petitioner's deadline for filing the instant § 2254 petition was November 18, 2005. Since the Petitioner did not file his § 2254 petition until June 29, 2006, his petition was not timely filed. The Magistrate Judge stated that even if the court were to give the Petitioner the benefit of tolling during his failed attempt to appeal the voluntary withdrawal of his PCR application,[2]

---

[2] The Magistrate Judge noted that the Petitioner did not have the right to appeal from a voluntary dismissal. *See Rush v. State*, 628 S.E.2d 42, 42-43 (S.C. 2006). Further, even if such an appeal were permitted, the Petitioner did not timely file his notice of appeal from the voluntary dismissal of his PCR application.

2

Petitioner's deadline to file the instant petition would have been March 4, 2006. Since the Petitioner did not file the instant petition until June 29, 2006, his petition is untimely.

Having reviewed the record and applicable law, the court agrees with the recommendations of the Magistrate Judge and finds that the Magistrate Judge correctly applied the law to the facts of this case. The court has reviewed the Petitioner's objections and finds that they are without merit.

### Conclusion

For the reasons stated above and by the Magistrate Judge, the court overrules Petitioner's objections and adopts and incorporates by reference the Report and Recommendations of the Magistrate Judge. Defendants' [Docket Entry #11] motion for summary judgment is **GRANTED**. This case is hereby **DISMISSED with prejudice**.

**IT IS SO ORDERED**.

May 23, 2007                                             s/ R. Bryan Harwell
Florence, South Carolina                          R. Bryan Harwell
                                                                  United States District Judge