UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| SHANNON SABB, | ) | Civil Action No.: 9:06-cv-1943-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| STATE OF SOUTH CAROLINA; | ) | |
| STAN BURTT, Warden of Lieber | ) | |
| Correctional Institution; | ) | |
| ATTORNEY GENERAL OF THE | ) | |
| STATE OF SOUTH CAROLINA; | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

On May 23, 2007, this court dismissed Petitioner's habeas corpus petition brought pursuant to 28 U.S.C. § 2254 as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d) ("AEDPA"). Petitioner timely filed the pending [Docket Entry #21] motion to reconsider.

**Standard of Review**

Motions to reconsider under Rule 59 are not to be made lightly: "[R]econsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 59.30[4] (3d ed.). The Fourth Circuit has held such a motion should be granted for only three reasons: (1) to follow an intervening *change in controlling* law; (2) on account of *new* evidence; or (3) "*to correct* a *clear error of law* or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (emphasis added). Rule 59 motions "may not be used to make arguments that *could have been made before the judgment*

*was entered.*" *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002) (emphasis added). Nor are they opportunities to rehash issues already ruled upon because a litigant is displeased with the result. *See Tran v. Tran*, 166 F. Supp. 2d 793, 798 (S.D.N.Y. 2001).

## Discussion

Petitioner argues that relief under Rule 59 is necessary to correct a clear error of law or prevent manifest injustice. Petitioner contends that even if his petition was time-barred under § 2244(d), he is not barred from proceeding under 28 U.S.C. § 2241. Petitioner states that the "Rules of Federal Procedure for Writ of Habeas Corpus Under 28 U.S.C. § 2254, . . . , require that the Petitioner bring the action under 28 U.S.C. § 2254, and once the issue of statute of limitations [is raised], it is the Petitioner's option to motion that the issues be heard under 28 U.S.C. § 2241." [Petitioner's Motion for Reconsideration, at pg. 1, Docket Entry #21]. Petitioner argues that this court erred when it denied review of his petition under § 2241. However, Petitioner misunderstands the interaction between §§ 2254 and 2241.

28 U.S.C. § 2254 was created by Congress as the method for state prisoners to overturn or attack their state court convictions. *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). On the other hand, § 2241, considered the general federal habeas corpus provision, is used for complaints related to parole matters, sentence computations, prison transfers, prison disciplinary matters, etc. *See Bagley v. Warden of Kershaw Corr. Inst.*, C.A. No. 2:07-425-PMD-RSC, 2007 WL 1459699, at *2 (D.S.C. May 15, 2007).

The majority view is that § 2254 is the exclusive vehicle for habeas corpus relief by a state prisoner <u>in custody pursuant to a state court judgment</u>, even when the petitioner is not challenging his underlying state court conviction. *Gregory v. Coleman*, 218 Fed. Appx. 266

(4th Cir. 2007) (unpublished) (recognizing majority view but declining to indicate whether the Fourth Circuit would join the majority of Circuit Courts); *see, e.g., White v. Lambert*, 370 F.3d 1003, 1005 (9th Cir. 2004); *Cook v. New York State Div. of Parole*, 321 F.3d 274, 277-79 (2d Cir. 2003); *James v. Walsh*, 308 F.3d 162, 166-67 (2d Cir. 2002); *Coady v. Vaughn*, 251 F.3d 480, 484-86 (3d Cir. 2001); *Walker v. O'Brien*, 216 F.3d 626, 632-33 (7th Cir. 2000); *Crouch v. Norris*, 251 F.3d 720, 722-23 (8th Cir. 2001); *Medberry v. Crosby*, 351 F.3d 1049, 1058-62 (11th Cir.2003); *but see, Montez v. McKinna*, 208 F.3d 862, 869-71 (10th Cir. 2000); *Greene v. Tennessee Dep't. of Corr.*, 265 F.3d 369 (6th Cir. 2001).

Petitioner is in custody pursuant to a state court judgment and seeks to overturn or attack his state court conviction. On July 7, 2003, Petitioner pled guilty to criminal sexual conduct with a minor, second degree, and was sentenced to twenty (20) years imprisonment by the Honorable Deadra L. Jefferson. Petitioner is not seeking relief which is usually sought via a § 2241 petition, for example, complaints related to parole matters, sentence computations, prison transfers, or prison disciplinary matters. *See Bagley*, 2007 WL 1459699, at *2. Petitioner seeks the relief expressly provided for by Congress in § 2254. Therefore, his petition, which was filed as a § 2254 petition, cannot now be construed as a § 2241 petition simply to allow Petitioner to avoid the statute of limitations. *See, e.g., White*, 370 F.3d at 1008 (noting that if they were to allow petitioner to proceed under § 2241, AEDPA's one-year statute of limitations would not apply).

Petitioner cites no authority for the proposition that the Rules allow him to have his § 2254 petition considered under § 2241 once the statute of limitations has been raised. To accept Petitioner's argument would essentially nullify AEDPA's one-year statute of limitations

because any state prisoner facing a statute of limitations issue could circumvent AEDPA by seeking review under § 2241.

Because Petitioner is in custody pursuant to a state court judgment and seeks to overturn or challenge his state court conviction, his habeas corpus petition was properly construed as a § 2254 petition. *Accord Bagley*, 2007 WL 1459699, at *2; *Davis v. Warden, Lieber Corr. Inst.*, C.A. No. 9:07-3318-HMH-GCK, 2007 WL 4322238, at *2 (D.S.C. December 6, 2007); *Martin v. Johnson*, C.A. No. 7:07-cv-436, 2007 WL 2746962, at *2 (W.D. Va. September 20, 2007). As a result, Petitioner's petition is governed by AEDPA's one-year statute of limitations. For the reasons stated in this court's previous Order [Docket Entry #19], Petitioner's petition was untimely and appropriately dismissed.

Petitioner has failed to establish a clear error of law or manifest injustice sufficient to warrant relief under Rule 59. Accordingly, Petitioner's motion for reconsideration is denied.

## Conclusion

For the reasons stated above, Petitioner's [Docket Entry #21] motion for reconsideration is **DENIED**.

**IT IS SO ORDERED**.

March 13, 2008  
Florence, South Carolina

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

4